STANDARD SCALES & SUPPLY CO., Limited, v. E. & T. FAIRBANKS & CO.

(Circuit Court of Appeals, Third Circuit. September 8, 1903.)

No. 30.

1. PATENTS—INVENTION—SCALE.
      The Scharle & Himmes patent, No. 359,636, for a railway track scale, claim 1, discloses invention, and is valid. Also *held* infringed.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Wm. L. Pierce, for appellant.
James Whittemore, for appellees.

Before ACHESON and DALLAS, Circuit Judges, and KIRKPATRICK, District Judge.

KIRKPATRICK, District Judge. The complainants below and appellees here filed their bill of complaint alleging that they held by assignment certain letters patent of the United States issued to Nicholas Scharle and Jacob Himmes, and known as letters patent of the United States No. 359,636, and charging the defendants with infringement thereof, which said bill concluded with the usual prayers. The defendants, by their answer, denied the validity of the patent and the utility of the patented device, and alleged prior letters patent and publications and noninfringement. It appears from the record that testimony was taken as to all of these defenses, and that they were considered by the learned judge below. By the decree entered in said cause, the first claim of the patent was adjudged valid, and infringed by the defendants' device. From this decree an appeal was taken to

this court, and several errors alleged to have been made by the learned judge. But at the hearing in this court the appellants abandoned the defense of noninfringement, as well as that of anticipation, and relied solely upon the defense of noninvention, insisting that the prior state of the art was such that in its light any skilled mechanic was capable of constructing complainants' device. In support of this contention the appellants insist that the five-section scale of the patent in suit is but the natural evolution of the four-section scale long before then known to the art. The argument is if, having a four-section scale, by taking away one section you obtain a three-section scale, then, by adding one section to a four-section scale, you must obtain a five-section scale. This is true as an abstract proposition, but the means necessarily employed for shortening the four-section scale and making a three-section scale of it do not suggest the method employed in the patent for lengthening the scale and converting it into the five-section scale of the patent in suit. Nor will a scale lengthened on the same principle that it is shortened be an operative one. This appears clearly from the testimony of the witness Sargent, when read as a whole, upon a part of which appellants chiefly, if not entirely, rely.

It appears from the record that prior to the granting of the patent in suit there had been manufactured by the complainants what was known as the four-section track scale, which might be varied in length from 24 to 22 feet; that there was a large and growing demand for a longer scale; and, while the complainants had one upon the market, it was not satisfactory, though, with the aid of experts and skilled mechanics, they had been endeavoring to make it so. Under these circumstances we are unable to conclude that the result so long and unsuccessfully sought for was apparent, and did not need more than mechanical skill to construct.

We concur in the conclusion of the learned judge below that claim 1 of the complainants' patent in suit is valid. The decree must be affirmed.